UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Trussbilt, LLC,<br><br>                          Plaintiff,<br>v.<br><br>Detention Device Systems,<br><br>                          Defendant. | Civil No.: _____<br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

      **COMES NOW** Plaintiff Trussbilt, LLC ("Trussbilt"), and for its complaint against Defendant Detention Device Systems ("DDS") states and alleges as follows:

### PARTIES

      1.    Trussbilt is a limited liability company duly organized and existing under the laws of the State of Minnesota with its principal place of business at 550 Oak Grove Parkway, Vadnais Heights, Minnesota 55127.

      2.    Upon information and belief, DDS is a corporation duly organized and existing under the laws of the State of California with its principal place of business at 25545 Seaboard Lane, Hayward, California 94545.

### JURISDICTION AND VENUE

      3.    This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Trussbilt asserts claims under the Lanham Act, 15 U.S.C. §§ 1051-1141n.

4.  This Court has jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367. Trussbilt asserts state law claims under Minn. Stat. § 325D.44 and Minnesota common law.

5.  This Court has personal jurisdiction over DDS because DDS does business within the State of Minnesota and has contacts with the State of Minnesota such that it has purposefully availed itself of the jurisdiction of this Court. Further, this lawsuit arises out of specific contacts that DDS has had with Trussbilt in Minnesota.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Trussbilt's claims occurred within this judicial district and because this DDS is deemed to reside in this district because it is subject to personal jurisdiction in this district at the time this action is being commenced.

## FACTUAL BACKGROUND

7.  Trussbilt designs and builds security products such as steel wall panels, ceilings, metal doors and frames, detention furniture, and other specialty security products.

8.  Trussbilt is the exclusive owner of federal trademark registrations for the distinctive trademarks SECUREDEK® for "Metal suspended ceiling systems comprising panels filled with poly-wrapped fiberglass for supervised areas of minimum and medium security corrections facilities" in International Class 6 and TRUSSBILT® for "metal doors and frames, fire doors, detention doors, prison doors, transom panels, window wall systems, louvers and borrowed lights" in International Class 19.

9. Trussbilt adopted and has continuously used its SECUREDEK® trademark in connection with metal suspended ceiling systems since at least as early as June 15, 2001.

10. Trussbilt is the record owner of U.S. Trademark Registration No. 3,681,930 for the trademark SECUREDEK® for use in connection with "Metal suspended ceiling systems comprising panels filled with poly-wrapped fiberglass for supervised areas of minimum and medium security corrections facilities" in International Class 6, claiming a first use date at least as early as June 15, 2001. The Registration issued on the principal register on September 15, 2009. The filing date of the Registration is October 10, 2007.

11. Trussbilt adopted and has continuously used its TRUSSBILT® trademark in connection with its full line of security products since at least as early as 1928.

12. Trussbilt is the record owner of U.S. Trademark Registration No. 790,585 for the trademark TRUSSBILT® for use in connection with "metal doors and frames, fire doors, detention doors, prison doors, transom panels, window wall systems, louvers and borrowed lights" in International Class 19, claiming a first use date at least as early as 1928. The Registration issued on the principal register on June 8, 1965 and is incontestable. The filing date of the Registration is June 25, 1964.

13. Attached hereto as Exhibit A are true and correct copies of Trussbilt's federal trademark registrations for the foregoing trademarks.

14. Trussbilt has invested considerable time, effort, and expense in developing, promoting, advertising, and popularizing its distinctive SECUREDEK and TRUSSBILT trademarks and the goods and services it offers under its trademarks. Consumers have

come to recognize, know, and rely upon the Trussbilt's SECUREDEK and TRUSSBILT trademarks as strong indicators of the source of Trussbilt's goods and services. Trussbilt has established valuable goodwill in its SECUREDEK and TRUSSBILT trademarks.

15.  Trussbilt has priority of common law rights in its SECUREDEK and TRUSSBILT trademarks for use in connection with metal suspended ceiling systems, metal doors and frames, fire doors, detention doors, prison doors, transom panels, window wall systems, louvers and borrowed lights, among other detention and security products.

16.  In 2003 and 2004, Trussbilt supplied metal doors and frames to DDS for the construction of the Sonoma County Juvenile Justice Center in Santa Rosa, California (the "Sonoma Project"). DDS was a subcontractor to the general contractor, Lathrop Construction Associates, Inc.

17.  In the course of their work together on the Sonoma Project, DDS gained significant insights into and learned technical details of Trussbilt's products, particularly its security metal doors and frames.

18.  Upon information and belief, Trussbilt and DDS both supplied goods and services for the construction of a new police department building for the village of Glenview, Illinois in 2006.

19.  Upon information and belief, Trussbilt and DDS both supplied goods and services for the construction of a new jail addition for Sawyer County in Hayward, Wisconsin, also in 2006.

20. Upon information and belief, on December 17, 2009, DDS filed a U.S. intent-to-use trademark application to register SECURE-BILT (and Design) for use in connection with "metal suspended ceiling systems comprising panels" (the "Application"). The trademark appears as follows:



21. On March 22, 2010, the United States Patent and Trademark Office ("USPTO") issued an office action refusing registration of the Application in view of Trussbilt's U.S. Registration No. 3,681,930 for its SECUREDEK trademark.

22. On April 14, 2010, DDS sent a letter to Trussbilt and admitted, "We are in the process of registering the trade name 'Secure-bilt' to cover our product line which includes bar grating doors and walls, mesh barriers and steel ceiling. The computer search turned up your 'SecureDek' ceiling product as the only similar product that is close to our trade name." DDS went on in the letter to request Trussbilt's approval of DDS' adoption and use of the SECURE-BILT trademark. A true and correct copy of DDS' letter is attached hereto as Exhibit B.

23. On May 13, 2010, Trussbilt, through counsel, sent a letter to DDS declining to approve DDS' adoption and use of the SECURE-BILT trademark and further requesting that DDS immediately abandon the Application and all use of the SECURE-BILT mark. A true and correct copy of counsel's letter is attached hereto as Exhibit C.

24. In late 2010, DDS eventually convinced the USPTO to reverse its refusal to register the SECURE-BILT trademark.

25. On January 24, 2011, Trussbilt, through counsel, learned that DDS had successfully overcome the USPTO's refusal to register the Application.

26. Upon information and belief, Trussbilt commenced use of its SECUREDEK trademark in commerce more than eight (8) years prior to DDS's first adoption and use of the SECURE-BILT trademark. Trussbilt commenced use of its TRUSSBILT trademark in commerce more than eighty (80) years prior to DDS's first adoption and use of the SECURE-BILT trademark. Trussbilt has continuously used in commerce, from the dates set forth in the corresponding registrations, its SECUREDEK and TRUSSBILT trademarks. Consequently, Trussbilt has priority of trademark rights over DDS's adoption and use if the SECURE-BILT trademark for use in connection with detention and security products.

27. The goods in connection with which DDS uses the SECURE-BILT trademark are directly competitive with the goods offered by Trussbilt under its SECUREDEK and TRUSSBILT trademarks and are sold and promoted through the same channels of trade as Trussbilt's goods.

28. DDS' use of the SECURE-BILT trademark in connection with goods and services targeting customers in the detention and security construction industry so resembles Trussbilt's SECUREDEK and TRUSSBILT trademarks for use in connection with detention and security products that it is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of DDS with Trussbilt, or the origin, source, sponsorship, or approval of DDS's services by Trussbilt. By using the

SECURE-BILT trademark, DDS is wrongfully trading on the goodwill of Trussbilt's SECUREDEK and TRUSSBILT brands and trademarks.

29. DDS exhibits a pattern of infringing conduct. In June 2008, Chicago Metallic Corporation sued DDS for infringement of Chicago Metallic's registered SECURLINE trademark (No. 2,037,450) for use in connection with metal ceilings in the case styled *Chicago Metallic Corp. v. Detention Device Systems, Inc.*, No. 08-CV-3042 in the Northern District of California.

30. Trussbilt has been harmed and will continue to be harmed if DDS's infringement is not enjoined. Due to DDS's willful infringement, Trussbilt is entitled to actual damages, including DDS's profits from the infringement and attorneys' fees.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT

31. Trussbilt restates and incorporates by reference the allegations in Paragraphs 1-30 as if fully set forth herein.

32. Trussbilt has used its registered SECUREDEK trademark in interstate commerce in connection with security ceiling systems since at least as early as June 15, 2001 and has used its registered TRUSSBILT trademark in interstate commerce in connection with detention and security products since at least as early as 1928.

33. Trussbilt has used the ® registration notice in association with its trademarks on its goods, in connection with its services, and in advertising.

34. Trussbilt's SECUREDEK and TRUSSBILT trademarks and related trademark registrations are valid and protectable.

35. Trussbilt has expended considerable time, effort, and sums of money in the development, preparation, promotion, sale, and protection of its SECUREDEK and TRUSSBILT branded goods and services and its trademarks.

36. Trussbilt's trademarks are distinctive and consumers have come to associate the goods and services branded with Trussbilt's SECUREDEK and TRUSSBILT trademarks as emanating from Trussbilt.

37. DDS' use of the SECURE-BILT trademark in connection with the sale, offering for sale, distribution, and advertising of detention and security products is likely to cause confusion, mistake, or deception in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

38. DDS' unlawful actions will cause Trussbilt irreparable harm unless enjoined.

39. DDS has willfully undertaken the activities above and willfully intended to trade upon the goodwill of Trussbilt.

40. Upon information and belief, DDS has profited from its unlawful actions and has been unjustly enriched to the detriment of Trussbilt.

41. Trussbilt has been damaged by DDS' unfair competition and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

42. Pursuant to 15 U.S.C. § 1117, Trussbilt is entitled to recover all of DDS' profits, Trussbilt's damages, as well as the costs of this action. The intentional nature of DDS' unlawful acts renders this an "exceptional case," entitling Trussbilt to enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II - FEDERAL UNFAIR COMPETITION

43.     Trussbilt restates and incorporates by reference the allegations in Paragraphs 1-42 as if fully set forth herein.

44.     Trussbilt has used its registered SECUREDEK trademark in interstate commerce in connection with security ceiling systems since at least as early as June 15, 2001 and has used its registered TRUSSBILT trademark in interstate commerce in connection with detention and security products since at least as early as 1928.

45.     Trussbilt has used the ® registration notice in association with its trademarks on its goods, in connection with its services, and in advertising.

46.     Trussbilt's SECUREDEK and TRUSSBILT trademarks and related trademark registrations are valid and protectable.

47.     Trussbilt has expended considerable time, effort, and sums of money in the development, preparation, promotion, sale, and protection of its SECUREDEK and TRUSSBILT branded goods and services and its trademarks.

48.     Trussbilt's trademarks are distinctive and consumers have come to associate the goods and services branded with Trussbilt's SECUREDEK and TRUSSBILT trademarks as emanating from Trussbilt.

49.     DDS' use of the SECURE-BILT trademark in connection with the sale, offering for sale, distribution, and advertising of detention and security products is likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. DDS' unlawful actions will cause Trussbilt irreparable harm unless enjoined.

51. DDS has willfully undertaken the activities above and willfully intended to trade upon the goodwill of Trussbilt.

52. Upon information and belief, DDS has profited from its unlawful actions and has been unjustly enriched to the detriment of Trussbilt.

53. Trussbilt has been damaged by DDS' unfair competition and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

54. Pursuant to 15 U.S.C. § 1117, Trussbilt is entitled to recover all of DDS' profits, Trussbilt's damages, as well as the costs of this action. The intentional nature of DDS' unlawful acts renders this an "exceptional case," entitling Trussbilt to enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT III - DECEPTIVE TRADE PRACTICES

55. Trussbilt restates and incorporates by reference the allegations in Paragraphs 1-54 as if fully set forth herein.

56. Trussbilt is the owner its SECUREDEK and TRUSSBILT trademarks for use in connection with detention and security products.

57. DDS' adoption and use of the SECURE-BILT trademark (a) is an attempt to pass off its goods and services as those of Trussbilt; (b) is likely to cause confusion or misunderstanding as to the source, sponsorship, or approval of DDS' goods and services; and (c) is likely to cause confusion or misunderstanding as to affiliation, connection, or association with Trussbilt, all in violation of Minnesota Statute § 325D.44.

58.   Pursuant to Minnesota Statute § 325D.45, Trussbilt is entitled to an injunction, attorneys' fees, lost profits, and special damages.

## COUNT IV - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

59.   Trussbilt restates and incorporates by reference the allegations in Paragraphs 1-58 as if fully set forth herein.

60.   DDS' adoption and use of the SECURE-BILT trademark constitutes willful, deliberate, and intentional trademark infringement and unfair competition in violation of the common law of the State of Minnesota.

61.   DDS' unlawful actions are likely to cause Trussbilt irreparable harm unless enjoined.

62.   DDS has profited from its unlawful actions and has been unjustly enriched to the detriment of Trussbilt.

63.   DDS' unlawful actions have caused Trussbilt monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## JURY TRIAL DEMANDED

64.   Trussbilt respectfully demands a jury trial for all issues so triable.

## RELIEF REQUESTED

**WHEREFORE**, Trussbilt prays for a judgment in its favor and against DDS ordering:

1.   That DDS, and each of its officers, directors, agents, servants, employees and representatives, and those persons acting in active concert or participation with them or any of them, be permanently enjoined and restrained from:

a) Using on or in connection with the advertisement, promotion, displaying for sale (including on the internet), offering for sale, sale, or distribution of any goods or services, or for any purposes whatsoever, the designation or trademark SECURE-BILT or any variant thereof in a context indicative of Trussbilt or its goods or services or on any product or service related thereto; and

b) Representing by any means whatsoever, directly or indirectly, or taking any act likely to cause confusion, mistake or deceive consumers into believing the DDS' goods or services originated with or are the services of Trussbilt, or that there is any affiliation or connection between Trussbilt and DDS or their goods or services and from otherwise unfairly competing with Trussbilt, including using for any purposes whatsoever, the trademark SECURE-BILT or any variants thereof;

2. That DDS, at its own expense, be required to recall and destroy all merchandise, marketing materials, advertisements, flyers, brochures, displays, demos, websites or any other materials advertising, displaying, or promoting DDS' SECURE-BILT goods or services;

3. That DDS be required to deliver to Trussbilt's attorneys or representatives for destruction all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements in its possession or under its control, bearing the SECURE-BILT trademark or any variants thereof.

4. That DDS provide an accounting of profits and sales of all goods and services provided under the SECURE-BILT trademark;

5. That DDS pay to Trussbilt three times Trussbilt's losses, or DDS' profits attributable to trademark infringement, whichever is higher;

6. That DDS pay Trussbilt's reasonable investigation fees, litigation costs, and attorneys' fees; and

7.     Any other relief the Court deems just and necessary.

Dated: March 18, 2011                    WINTHROP & WEINSTINE, P.A.

                                         s/Brooks F. Poley
                                         Brooks F. Poley, #185139
                                         bpoley@winthrop.com
                                         Michael T. Olsen, #0335010
                                         molsen@winthrop.com
                                         Daniel J. Kelly, #351386
                                         dkelly@winthrop.com
                                         Winthrop & Weinstine, P.A.
                                         225 South Sixth Street, Suite 3500
                                         Minneapolis, MN 55402
                                         Telephone: (612) 604-6400
                                         Facsimile: (612) 604-6800

                                         ATTORNEYS FOR PLAINTIFF
                                         TRUSSBILT, LLC

5790625v2